# Exhibit-A

US008317244B1

## (12) United States Patent
Schuyleman

(10) Patent No.: **US 8,317,244 B1**
(45) Date of Patent: **Nov. 27, 2012**

(54) **APPARATUS AND METHOD FOR POSITIONING AN OBJECT IN A BUILDING**

(76) Inventor: **Jay Wesley Schuyleman**, Duvall, WA (US)

( * ) Notice: Subject to any disclaimer, the term of this patent is extended or adjusted under 35 U.S.C. 154(b) by 462 days.

(21) Appl. No.: **12/540,286**

(22) Filed: **Aug. 12, 2009**

### Related U.S. Application Data

(60) Provisional application No. 61/090,972, filed on Aug. 22, 2008.

(51) **Int. Cl.**
*B66C 1/10* (2006.01)
*B66C 1/00* (2006.01)

(52) **U.S. Cl.** ...................................... **294/67.5**; 294/81.3

(58) **Field of Classification Search** .................. 294/15, 294/17, 67.5, 67.1, 67.21, 81.3, 81.4, 81.5, 294/81.21, 81.54; 182/2.11, 63.1; 414/10, 414/11, 607; 212/231, 347; 254/8 B, 124
See application file for complete search history.

(56) **References Cited**

U.S. PATENT DOCUMENTS

| | | | | |
|---|---|---|---|---|
| 765,674 | A | * | 7/1904 | Normandin ..................... 294/15 |
| 2,193,054 | A | * | 3/1940 | Bowen ........................... 294/15 |
| 3,675,961 | A | * | 7/1972 | Wheeler ...................... 294/67.1 |
| 3,741,409 | A | * | 6/1973 | Painter ........................... 414/733 |
| 3,759,399 | A | * | 9/1973 | Glass et al. ................. 414/607 |
| 4,017,109 | A | * | 4/1977 | Belinsky .................. 294/67.21 |
| 4,251,098 | A | * | 2/1981 | Belinsky .................. 294/67.21 |
| 4,314,622 | A | * | 2/1982 | Lindquist ................. 182/2.11 |
| 4,671,721 | A | * | 6/1987 | Pratt et al. ...................... 414/10 |
| D346,474 | S | * | 4/1994 | Lindgren ................. D34/35 |
| 5,312,218 | A | | 5/1994 | Pratt et al. |
| 5,803,520 | A | * | 9/1998 | Bagrowski, III .......... 294/67.5 |
| 6,048,012 | A | | 4/2000 | Selby et al. |
| 6,820,907 | B1 | * | 11/2004 | Haynes ...................... 294/63.1 |
| 7,017,963 | B1 | | 3/2006 | Setzke et al. |

* cited by examiner

*Primary Examiner* — Paul T Chin
(74) *Attorney, Agent, or Firm* — QuickPatents, Inc.; Kevin Prince

(57) **ABSTRACT**

An offset hoisting apparatus comprises a rigid boom having a hook at a distal end thereof. The offset hoisting apparatus further includes a front mount having a front boom aperture and a rear mount having a rear boom aperture, each being adapted for confining the boom to slidably move therethrough. The invention has a slip collar having a slip collar boom aperture therein for receiving the boom therethrough and an offset hoisting apparatus attachment having a flexible linkage fixed at a distal end thereof with the slip collar. The boom is selectively slid between a retracted and an extended position and the load is secured to the hook. The crane apparatus then lifts and positions the load to a building.

**17 Claims, 3 Drawing Sheets**





FIG. 1



FIG. 2

Case 2:23-cv-00562-JLR   Document 20-1   Filed 06/10/23   Page 5 of 21



FIG. 5

FIG. 4

FIG. 3

US 8,317,244 B1

**1**

# APPARATUS AND METHOD FOR POSITIONING AN OBJECT IN A BUILDING

## CROSS-REFERENCE TO RELATED APPLICATIONS

This application claims the benefit of U.S. Provisional Patent Application 61/090,972, filed on Aug. 22, 2008, and incorporated herein by reference.

## STATEMENT REGARDING FEDERALLY SPONSORED RESEARCH AND DEVELOPMENT

Not Applicable.

## FIELD OF THE INVENTION

This invention relates to a hoisting apparatus, and more particularly to an apparatus for use with a crane in positioning an object at a desired distance inside an opening of a building.

## DISCUSSION OF RELATED ART

Tall buildings are generally constructed as a shell with openings for panels and windows or the like. Precast or pre-fabricated panels are then placed within these openings which are usually finished before installation. Columns and beams are the most common precast concrete structures constructed in a factory and later transported to the site. Maneuvering of reinforced concrete panels is difficult since such panels with large dimensions are extremely heavy. There have been numerous methods of lifting and positioning precast concrete structures in houses, office buildings or other concrete structures.

U.S. Pat. No. 3,675,961 to Wheeler on Jul. 11, 1972 provides a horizontal load positioner connectable to the end of a hoist line for horizontally placing a load within an opening or for horizontally removing the load from the opening in a building. As such, the workers at the opening on the building grab the panel and pull the panel into the opening. Further, if the panel is large and heavy, the workers must manually pull the panel into the opening. The workers pulling the panel into the opening may therefore accidentally fall and, unfortunately, may get killed.

U.S. Pat. No. 4,671,721 to Pratt on Jun. 9, 1987 directs to an apparatus positioned between the cables connecting with a crane and the panel to be elevated to the opening in the building under construction. The panel is attached to the front of the apparatus approximately four feet to the front of the crane attachment to the apparatus. With the panel four feet ahead of the apparatus, it is possible by a crane to maneuver the apparatus and place the panel close to the opening in the building even though the opening is recessed as much as three feet inside of the spandrel beam. Such an apparatus is inconvenient for use due to the exact four feet distance of the panel from the crane attachment, which prevents the adjustment of the distance of the panel from the apparatus as desired.

One prior art apparatus, taught in U.S. Pat. No. 4,769,960 issued to Zipf on Sep. 13, 1988 discloses a coupler for hanging, picking up and conveying prefabricated concrete bodies, such as panels and the like. The coupler engages with a pin embedded in a body and adapts to be supported by a rope or cable of a hoist. The shortcomings of the apparatus are that the process of positioning the panel in the opening of the building is complex and time consuming. Moreover, since the workers must be paid for installing the panel in the building, the expense may rise if the process is time consuming.

**2**

Therefore, there is a need for an apparatus that is less time consuming and less expensive to use in positioning the load such as the precast panel in an opening of a building. Such a needed apparatus would selectively position the load at a desired distance inside the opening without having to manually do it. Moreover, such an apparatus would be easier and safer to place the precast panel in a recessed opening of the building. The present invention accomplishes these objectives.

## SUMMARY OF THE INVENTION

The present invention is an improvement for an offset hoisting apparatus for use with a crane apparatus to lift a load. The offset hoisting apparatus comprises a rigid boom having a distal end and a proximal end. The distal end of the boom includes a hook means for supporting the load. The offset hoisting apparatus further includes a front mount having a front boom aperture and a rear mount having a rear boom aperture, each boom apertures adapted for confining the boom to slidably move therethrough. The front mount and the rear mount are each selectively mounted to the offset hoisting apparatus with a clamping means.

The apparatus has a slip collar having a slip collar boom aperture therein for receiving the boom therethrough and an offset hoisting apparatus attachment means. The offset hoisting apparatus attachment means includes at least one flexible linkage fixed at a distal end thereof with the slip collar and fixed at a proximal end thereof with at least one vertical extension frames. The flexible linkage further includes a length adjusting means. The slip collar includes at least one pin aperture therein, such that the slip collar is fixed to the boom at the slip collar boom aperture thereof with at least one pin.

The rigid boom includes a plurality of pin apertures. Each of the front mount and the rear mount include corresponding pin apertures. The apparatus includes at least one pin, such that with the at least one pin traversing at least one of the pin apertures of either the front mount or rear mount and one of the apertures of the boom, the boom is thus prevented from slidable movement with respect to the offset hoisting apparatus.

In use, the boom is selectively slid between a refracted position and an extended position, or therebetween. The load is then secured to the hook means at the distal end of the boom. The crane apparatus is then able to lift and position the load to a building.

The present apparatus facilitates less time consumption and less expense in positioning the load such as a precast panel in an opening of the building. Such an apparatus selectively positions the load at a desired distance inside the opening without pulling the precast panel by the workers. Moreover, the apparatus is easier and safer to place the precast panel in a recessed opening of the building. Other features and advantages of the present invention will become apparent from the following more detailed description, taken in conjunction with the accompanying drawings, which illustrate, by way of example, the principles of the invention.

## DESCRIPTION OF THE DRAWINGS

FIG. **1** is a perspective view of the invention in use;

FIG. **2** is a perspective cut-away view of the invention, illustrating a boom in a refracted position;

FIG. **3** is a perspective bottom side elevational view of a slip collar of the invention;

US 8,317,244 B1

**3**

FIG. **4** is a perspective front elevational view of a front mount of the invention; and

FIG. **5** is a perspective side elevational view of a rear mount of the invention.

### DETAILED DESCRIPTION OF THE PREFERRED EMBODIMENT

Illustrative embodiments of the invention are described below. The following explanation provides specific details for a thorough understanding of and enabling description for these embodiments. One skilled in the art will understand that the invention may be practiced without such details. In other instances, well-known structures and functions have not been shown or described in detail to avoid unnecessarily obscuring the description of the embodiments.

Unless the context clearly requires otherwise, throughout the description and the claims, the words "comprise," "comprising," and the like are to be construed in an inclusive sense as opposed to an exclusive or exhaustive sense; that is to say, in the sense of "including, but not limited to." Words using the singular or plural number also include the plural or singular number respectively. Additionally, the words "herein," "above," "below" and words of similar import, when used in this application, shall refer to this application as a whole and not to any particular portions of this application. When the claims use the word "or" in reference to a list of two or more items, that word covers all of the following interpretations of the word: any of the items in the list, all of the items in the list and any combination of the items in the list. Any use of the word "means" herein is intended to invoke means-plus-function limitation in accordance with 35 U.S.C. §112, sixth paragraph, even if the word "means" follows words describing the function.

FIG. **1** shows an improvement **10** for an offset hoisting apparatus **20** for use with a crane apparatus **30** to lift a load **15**. The offset hoisting apparatus **20** includes a top side **28**, a bottom side **22**, a front side **23**, and a rear side **27**. The offset hoisting apparatus **20** (FIG. **2**) comprises a rigid boom **40** having a distal end **42** and a proximal end **48**. The distal end **42** of the boom **40** includes a hook means **50** for supporting the load **15**.

The offset hoisting apparatus **20** further includes a front mount **60** (FIG. **4**) having a front boom aperture **62** adapted for confining the boom **40** to slidably move therethrough. The front mount **60** is fixed with the offset hoisting apparatus **20**. The front boom aperture **62** includes a low friction surface **100** for contacting the boom **40**.

A rear mount **70**, having a rear boom aperture **72** (FIG. **5**), is further included that is adapted for confining the boom **40** to slidably move therethrough. The rear mount **70** is fixed with the offset hoisting apparatus **20**. The boom **40** passes through the rear boom aperture **72** having a low friction surface **100**. The low-friction surface **100** of each the front boom aperture **62** and rear boom aperture **72** is a low-friction ultrahigh molecular weight (UHMW) polymer material. A protrusion **49** at the proximal end **48** of the boom **40** prevents the boom **40** from falling off through the front mount **60** or the rear mount **70**.

The front mount **60** and the rear mount **70** are each selectively mounted to the offset hoisting apparatus **20** with a clamping means **190**. The clamping means **190** is at least one bolt and nut **192**. The front mount **60** may be fixed with the front side **23** of the offset hoisting apparatus **20** when the rear mount **70** is fixed with the top side **28** of the offset hoisting apparatus **20**. The front mount **60** may also be fixed with the top side **28** of the offset hoisting apparatus **20** when the rear

**4**

mount **70** is fixed with the top side **28** of the offset hoisting apparatus **20**. The front mount **60** may be fixed with the front side **23** of the offset hoisting apparatus **20** when the rear mount **70** is fixed with the bottom side **22** of the offset hoisting apparatus **20**. The front mount **60** may also be fixed with the bottom side **22** of the offset hoisting apparatus **20** when the rear mount **70** is fixed with the bottom side **22** of the offset hoisting apparatus **20**.

As in FIG. **3**, the invention includes a slip collar **140** having a slip collar boom aperture **142** therein for receiving the boom **40** therethrough and an offset hoisting apparatus attachment means **150**. The offset hoisting apparatus attachment means **150** includes at least one flexible linkage **160** fixed at a distal end **168** thereof with the slip collar **140** and fixed at a proximal end **162** thereof with the offset hoisting apparatus **20**. The flexible linkage **160** further includes a length adjusting means **180**. The length adjusting means **180** includes a flange **184** attached to a stationary rod **182**. In the preferred embodiment, the flexible linkage **160** is a length of metal chain **186**. The length adjusting means **180** is a turnbuckle **181**. The slip collar **140** includes at least one pin aperture **170** therein, such that the slip collar **140** is fixed to the boom **40** at the slip collar boom aperture **142** thereof with at least one pin **130**.

The offset hoisting apparatus attachment means **150** further includes at least one vertical extension frame **200** fixed to the offset hoisting apparatus **40** at a lower end **202** thereof.

The proximal end **162** of each flexible linkage **160** is fixed to an upper end **208** of one of the at least one vertical extension frames **200**.

The rigid boom **40** includes a plurality of pin apertures **110**. Each of the front mount **60** and the rear mount **70** includes corresponding pin apertures **120**. The apparatus includes at least one pin **130**, such that with the at least one pin **130** traversing at least one of the pin apertures **120** of either the front mount **60** or the rear mount **70** and one of the apertures **110** of the boom **40**, the boom **40** is thus prevented from slidable movement with respect to the offset hoisting apparatus **20**.

In use, the boom **40** is selectively slid between a retracted position **80** and an extended position **90**, or therebetween (FIG. **2**). The load **15** is then secured to the hook means **50** at the distal end **42** of the boom **40**. The crane apparatus **30** is then able to lift and position the load **15** to a building **16**. The offset hoisting apparatus **20** can thereby lift load like building material to a desired opening or to a desired location in the building **16** or to a tower under construction such as a high voltage electric line tower, a radio and television tower and the like.

While a particular form of the invention has been illustrated and described, it will be apparent that various modifications can be made without departing from the spirit and scope of the invention. For example, various offset hoisting apparatus attachment means **150** may be employed in order to support the boom **40**. Accordingly, it is not intended that the invention be limited, except as by the appended claims.

The teachings provided herein can be applied to other systems, not necessarily the system described herein. The elements and acts of the various embodiments described above can be combined to provide further embodiments. All of the above patents and applications and other references, including any that may be listed in accompanying filing papers, are incorporated herein by reference. Aspects of the invention can be modified, if necessary, to employ the systems, functions, and concepts of the various references described above to provide yet further embodiments of the invention.

**5**

These and other changes can be made to the invention in light of the above Detailed Description. While the above description details certain embodiments of the invention and describes the best mode contemplated, no matter how detailed the above appears in text, the invention can be practiced in many ways. Details of the system may vary considerably in its implementation details, while still being encompassed by the invention disclosed herein.

Particular terminology used when describing certain features or aspects of the invention should not be taken to imply that the terminology is being redefined herein to be restricted to any specific characteristics, features, or aspects of the invention with which that terminology is associated. In general, the terms used in the following claims should not be construed to limit the invention to the specific embodiments disclosed in the specification, unless the above Detailed Description section explicitly defines such terms. Accordingly, the actual scope of the invention encompasses not only the disclosed embodiments, but also all equivalent ways of practicing or implementing the invention.

The above detailed description of the embodiments of the invention is not intended to be exhaustive or to limit the invention to the precise form disclosed above or to the particular field of usage mentioned in this disclosure. While specific embodiments of, and examples for, the invention are described above for illustrative purposes, various equivalent modifications are possible within the scope of the invention, as those skilled in the relevant art will recognize. Also, the teachings of the invention provided herein can be applied to other systems, not necessarily the system described above. The elements and acts of the various embodiments described above can be combined to provide further embodiments.

All of the above patents and applications and other references, including any that may be listed in accompanying filing papers, are incorporated herein by reference. Aspects of the invention can be modified, if necessary, to employ the systems, functions, and concepts of the various references described above to provide yet further embodiments of the invention.

Changes can be made to the invention in light of the above "Detailed Description." While the above description details certain embodiments of the invention and describes the best mode contemplated, no matter how detailed the above appears in text, the invention can be practiced in many ways. Therefore, implementation details may vary considerably while still being encompassed by the invention disclosed herein. As noted above, particular terminology used when describing certain features or aspects of the invention should not be taken to imply that the terminology is being redefined herein to be restricted to any specific characteristics, features, or aspects of the invention with which that terminology is associated.

In general, the terms used in the following claims should not be construed to limit the invention to the specific embodiments disclosed in the specification, unless the above Detailed Description section explicitly defines such terms. Accordingly, the actual scope of the invention encompasses not only the disclosed embodiments, but also all equivalent ways of practicing or implementing the invention under the claims.

While certain aspects of the invention are presented below in certain claim forms, the inventor contemplates the various aspects of the invention in any number of claim forms. Accordingly, the inventor reserves the right to add additional claims after filing the application to pursue such additional claim forms for other aspects of the invention.

**6**

What is claimed is:

**1**. An improvement for an offset hoisting apparatus having at least a top side, a bottom side, a front side, and a rear side, the offset hoisting apparatus for use with a crane apparatus to lift a load, the improvement comprising:

a rigid boom having a distal end and a proximal end, the distal end including a hook means for supporting the load;

a front mount having a front boom aperture adapted for confining the boom to slidable movement therethrough, the front mount fixed with the offset hoisting apparatus, the distal end cantilevered from the front mount to extend the load through an opening in a wall; and

a rear mount having a rear boom aperture adapted for confining the boom to slidable movement therethrough, the rear mount fixed with the offset hoisting apparatus;

whereby the boom may be selectively slid between a retracted and an extended position, or therebetween, and the load may then be secured to the hook means at the distal end of the boom, the crane apparatus then able to lift the load.

**2**. The improvement of claim **1** wherein each boom aperture further includes a lowfriction surface for contacting the boom.

**3**. The improvement of claim **2** wherein the low-friction surface is a low-friction ultrahigh molecular weight (UHMW) polymer material.

**4**. The improvement of claim **1** wherein the boom includes a plurality of pin apertures, and wherein the front and rear mounts each include corresponding pin apertures, at least one pin being further included, such that with the at least one pin traversing at least one of the apertures of either the front or rear mount and one of the apertures of the boom, the boom is prevented from slidable movement with respect to the offset hoisting apparatus.

**5**. The improvement of claim **1** further including a slip collar having a slip collar boom aperture therein for 'receiving the boom therethrough and an offset hoisting apparatus attachment means.

**6**. The improvement of claim **5** wherein the offset hoisting apparatus attachment means includes at least one flexible linkage fixed at a distal end thereof with the slip collar and fixed at a proximal end thereof with the offset hoisting apparatus.

**7**. The improvement of claim **6** wherein each flexible linkage further includes a length adjusting means.

**8**. The improvement of claim **7** wherein the length adjusting means is a turnbuckle.

**9**. The improvement of claim **6** wherein each flexible linkage is a length of metal chain.

**10**. The improvement of claim **6** wherein the offset hoisting apparatus attachment means further includes at least one vertical extension frame fixed to the offset hoisting apparatus at a lower end thereof, the proximal end of each flexible linkage being fixed to an upper end of one of the at least one vertical extension frames.

**11**. The improvement of claim **5** wherein the slip collar includes at least one pin aperture therein, such that the slip collar may be fixed to the boom at an aperture thereof with at least one of the pins.

**12**. The improvement of claim **1** wherein the front mount and rear mount are each selectively mounted to the offset hoisting apparatus with a clamping means.

US 8,317,244 B1

**7**

**13**. The improvement of claim **12** wherein each clamping means is at least one bolt and nut.

**14**. The improvement of claim **1** wherein the front mount is fixed with the front side of the offset hoisting apparatus and the rear mount if fixed with the top side of the offset hoisting apparatus.

**15**. The improvement of claim **1** wherein the front mount is fixed with the top side of the offset hoisting apparatus and the rear mount if fixed with the top side of the offset hoisting apparatus.

**8**

**16**. The improvement of claim **1** wherein the front mount is fixed with the front side of the offset hoisting apparatus and the rear mount if fixed with the bottom side of the offset hoisting apparatus.

**17**. The improvement of claim **1** wherein the front mount is fixed with the bottom side of the offset hoisting apparatus and the rear mount if fixed with the bottom side of the offset hoisting apparatus.

\* \* \* \* \*

# Exhibit-B

Seattle Patent Group LLC
4020 148th Ave Ne, Ste. D,
Redmond, WA 98052
Tel (425) 202-7969 Fax (425) 636-8389
info@seattlepatentgroup.com
www.seattlepatentgroup.com



Legal Department

Barnhart Crane
2163 Airways Blvd.
Memphis, TN 38114

Dear Madam or Sir,

This firm represents Jay Schuyleman (hereinafter " SCHUYLEMAN") in its intellectual property matters. Schuyleman owns valuable intellectual property rights related to its products, including hoisting apparatus. Specifically, SCHUYLEMAN has rights to US Patent No. 8,317,244, entitled "Apparatus and Method for Positioning an Object in a Building" (hereinafter the "'0244 Patent"). Please see the accompanying file, US8317244.pdf.

It has come to our attention that Barnhart Crane has been making, renting, or selling a hoisting apparatus (hereinafter "Accused Product") in the United States. See Exhibit A. SCHUYLEMAN has not authorized the manufacture or sale of the Accused Product. Accordingly, please be aware that your continued and unauthorized conduct with respect to the Accused Product constitutes willful and intentional infringement of SCHUYLEMAN's intellectual property rights.

Please note that Schuyleman designs, manufactures, and sells the products in its portfolio. No suppliers are authorized to provide products that infringe on Schuyleman's intellectual property.

Infringing a patent can lead to damages of all the profit you make from selling the product and potentially punitive damages, which can lead to significant penalties. Additionally, any products shipped to the US infringing a patent may be confiscated by customs officers.

Such infringement violates federal and state law and entitles our client to an injunction, monetary damages, disgorgement of profits, and potentially attorney's fees.

Our client is willing to negotiate a licensing agreement or other arrangements to resolve this issue amicably. If that is not of interest, we hereby demand that any person or entity affiliated with the Barnhart Crane products:

(1) Immediately cease and desist from selling, advertising, manufacturing, disseminating, copying, or commercially exploiting any products infringing the '244 Patent, including, but not limited to, the Accused Product;

(2) Deliver to us an accounting and inventory of the Accused Product and any other product incorporating or utilizing SCHUYLEMAN's intellectual property; and

(3) Deliver to us a list specifying all manufacturers, distributors, retailers, wholesalers, and other accounts from whom or to whom the Infringing Product was obtained, sold, or otherwise transferred, as well as an accounting of the total quantity sold and sales price of each item sold.

Please respond to this correspondence with your interest in negotiating in good faith or confirming that you have fulfilled the above demands no later than the close of business on **December 16th, 2022**. If an appropriate resolution to this matter cannot be reached, we will take all legal means available under federal and state law to protect our rights, all of which are reserved.

We look forward to your anticipated cooperation.

Yours truly,

James Haugen
Patent Attorney
Seattle Patent Group
4020 148th Ave NE, Suite D
Redmond, WA 98052
425-202-7969 (P)
425-636-8389 (F)

# Exhibit A



- Designed to make cantilevered operations more efficient and easier to perform
- Increase control and safety
- Counterweight moves along beam to balance load
- Remote controlled gear box and counterweight increase efficiency and reduce crane operator risk
- Single line, single pick point system
- Beam lengths up to 33'
- Capacity up to 70,000 pounds at five-foot reach or 12,000 pounds at 33-foot reach
- Available in single beam and double beam configurations
- Perfect tool when needing lateral movement to avoid obstructions

Downloaded from Moveable Counterweight (barnhartcrane.com) December 5th, 2022.

# Exhibit-C

www.barnhartcrane.com



2163 Airways Blvd
Memphis TN  38114
901.775.3000
Fax 901.271.5632

December 19, 2022

VIA FEDEX

James Haugen
Seattle Patent Group
4020 148th Ave NE
Suite D
Redmond, WA  98052

Re:  Letter to Barnhart Crane and Rigging Co.

Dear Mr. Haugen:

I am in receipt of your letter to Barnhart Crane and Rigging Co., which was received on December 16, 2022, with allegation of patent infringement.  We are currently investigating these allegations and will respond as soon as possible.  It is anticipated that we will not be able to respond until after the first of the year.

Sincerely,

Alison Smith
General Counsel

**Exhibit-D**





Rear Mount

Front Mount

Rigid Boom
that Slides

Hook Means

Figure 1



    



Figure 2

Rear Mount

Front Mount

Rigid Boom
that Slides

Hook Means

Mini-MOCCS Animation (barnhartcrane.com)





Front Mount 1

Rigid Boom
that Slides 2

Rear Mount 2

Rigid Boom
that Slides1

Rear Mount 1

Front Mount 2

Figure 3

Hook Means

| Claim 1: | Movable Counterweight Double Beam | Mini-MOCCs | Mega Moccs | | |
|---|---|---|---|---|---|
| An improvement for an offset hoisting apparatus having | | | | | |
| at least a top side, a bottom side, a front side, and a rear side, | x | x | x | | |
| the offset hoisting apparatus for use with a crane apparatus to lift a load, the improvement comprising: | x | x | x | | |
| a rigid boom having a distal end and a proximal end, the distal end including a hook means for Supporting the load; | x | x | x | | |
| a front mount having a front boom aperture adapted for confining the boom to slidable movement therethrough, the front mount fixed with the offset hoisting apparatus, the distal end cantilevered from the front mount to extend the load through an opening in a wall; and | | | x | x | x |
| a rear mount having a rear boom aperture adapted for confining the boom to slidable movement therethrough, the rear mount fixed with the offset hoisting apparatus; whereby the boom may be selectively slid between a retracted and an extended position, or therebetween, and the load may then be secured to the hook means at the distal end of the boom, the crane apparatus then able to lift the load. | x | x | x | | |

The front mount as indicated in the figures is essentially the portion of the apparatus that holds the sliding boom, providing an upward force to counter the downward forces of the book and the load applied.

The rear mount may not be seen in each cae, but it provides a downward force to balance the upward force provided by the front mount so the boom does not simply point downward.

The front mount and rear mount also restrict the movement of the sliding boom so that it extends or retracts in the proper direction when it is not fastened in place for lifting.