1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

JAY SCHUYLEMAN,

CASE NO. C23-0562JLR

11

     Plaintiff,

ORDER

 v.

12
13

BARNHART CRANE AND
RIGGING CO., et al.,

14

     Defendants.

15

## I.  INTRODUCTION

16
17
18
19
20
21

 Before the court is Defendants Barnhart Crane and Rigging Co. and Barnhart
Crane and Rigging, LLC's (together, "Barnhart") motion to dismiss Plaintiff Jay
Schuyleman's amended complaint.  (Mot. (Dkt. # 22); Reply (Dkt. # 29); *see* Am.
Compl. (Dkt. # 20).)  Mr. Schuyleman opposes the motion.  (Resp. (Dkt. # 28).)  The
court has considered the motion, all materials filed in support of and in opposition to the

22

1  motion, the relevant portions of the record, and the governing law.  Being fully advised,[1]

2  the court GRANTS Barnhart's motion to dismiss and GRANTS Mr. Schuyleman leave to

3  amend.

4                          **II.     BACKGROUND**

5         This action arises from Barnhart's alleged infringement of Mr. Schuyleman's

6  patent in a "hoisting apparatus . . . for use with a crane in positioning an object at a

7  desired distance inside an opening of a building."  (Am. Compl. ¶ 7.)  Below, the court

8  summarizes the factual and procedural background relevant to Barnhart's motion to

9  dismiss.

10        On November 12, 2012, the U.S. Patent and Trademark Office awarded Mr.

11 Schuyleman U.S. Patent No. 8,317,244 (the "'244 Patent"), titled "Apparatus and Method

12 for Positioning an Object in a Building."  (Am. Compl. ¶ 7; *id.*, Ex. A ("'244 Patent").)

13 Mr. Schuyleman retains all rights to his invention and has not licensed the '244 Patent to

14 any other person or entity.  (*Id.* ¶¶ 8, 16.)

15        On December 9, 2022, Mr. Schuyleman's attorney sent Barnhart a letter in which

16 he accused Barnhart of "making, renting, or selling a hoisting apparatus . . . in the United

17 States" that infringed upon the '244 Patent.  (*Id.* ¶ 18; *see id.*, Ex. B ("Cease and Desist

18 letter").)  He attached an image taken from Barnhart's website titled "Moveable

19 Counterweight" to the Cease and Desist letter.  (Cease and Desist letter, Ex. A.)  Mr.

20

21        [1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1) and the court finds
   that oral argument would not be helpful to its resolution of the motion, *see* Local Rules W.D.
22 Wash. LCR 7(b)(4).

1    Schuyleman's attorney represented that Mr. Schuyleman was willing to negotiate a

2    licensing agreement "or other arrangements to resolve this issue amicably." (Cease and

3    Desist letter.)  In the alternative, Mr. Schuyleman demanded that Barnhart (1) cease and

4    desist from "selling, advertising, manufacturing, disseminating, copying, or commercially

5    exploiting" any products that infringed the '244 Patent, (2) deliver an accounting and

6    inventory of products that incorporated his intellectual property, and (3) deliver a list

7    specifying all entities from whom or to whom the allegedly infringing product was

8    "obtained, sold, or otherwise transferred" along with an account of the quantity sold and

9    sales price of each item.  (*Id.*)  On December 19, 2022, Barnhart acknowledged receipt of

10   the Cease and Desist letter and stated that it was investigating Mr. Schuyleman's

11   allegations.  (Am. Compl. ¶ 19, Ex. C.)

12        Barnhart, however, failed to respond further to the Cease and Desist letter.  (*Id.*

13   ¶ 23.)  As a result, on April 11, 2023, Mr. Schuyleman filed his original complaint in this

14   action.  (*Id.*; *see* Compl. (Dkt. # 1).)  He alleged claims against Barnhart and unknown

15   companies for direct, contributory, and induced infringement of the '244 Patent and

16   violation of the Washington Consumer Protection Act ("WCPA"), ch. 19.86 RCW.

17   (Compl. ¶¶ 22-30.)

18        On May 8, 2023, in response to an inquiry from Barnhart's attorney, Mr.

19   Schuyleman provided Barnhart a document that included annotated images of three of

20   Barnhart's products and a claim chart.  (Am. Compl. ¶ 24; *id.*, Ex. D.)  The images, taken

21   from Barnhart's website, are low-resolution images of three of Barnhart's products:  the

22   Movable Counterweight Double Beam, the Mini-MOCCS, and the Mega MOCCS

ORDER - 3

1    (together, "the Products").  (*Id.* at 17-19.[2])  In each image, Mr. Schuyleman loosely

2    labeled various components of the Products with arrows.  (*Id.*)  The claim chart includes

3    a table that lists the five elements of Claim 1 of the '244 Patent and marks with an "x" the

4    elements that Mr. Schuyleman alleges are incorporated in each of the Products.  (*Id.* at

5    20-21 (claim chart).)  The claim chart does not provide any further information about

6    how each product allegedly infringes the '244 Patent.  (*Id.*)

7            On May 24, 2023, Barnhart moved to dismiss Mr. Schuyleman's original

8    complaint for failure to state a claim.  (1st MTD (Dkt. # 16).)  On June 10, 2023, Mr.

9    Schuyleman filed his amended complaint as a matter of course pursuant to Federal Rule

10   of Civil Procedure 15(a)(1)(B).  (Am. Compl.)  In his amended complaint, Mr.

11   Schuyleman makes additional factual allegations, attaches as exhibits the annotated

12   images and claim chart that his attorney sent to Barnhart, and asserts claims against

13   Barnhart and the unknown companies for direct infringement of the '244 Patent in

14   violation of 35 U.S.C. § 271(a) (*id.* ¶¶ 26-34) and induced infringement of the '244

15   Patent in violation of 35 U.S.C. § 271(b) (*id.* ¶¶ 35-39).  He no longer alleges claims for

16   contributory infringement or violation of the WCPA.  (*See generally id.*)

17           The court denied Barnhart's first motion to dismiss as moot because the amended

18   complaint superseded Mr. Schuyleman's original complaint.  (6/12/23 Order (Dkt. # 21).)

19   Barnhart filed this motion to dismiss Mr. Schuyleman's amended complaint on June 26,

20   2023.  (Mot.)

21

22           [2] The court refers to the page numbers in the ECF header when citing to pages of Exhibit
     D to Mr. Schuyleman's amended complaint.

### III.   ANALYSIS

The court sets forth the standard of review before turning to Barnhart's motion to dismiss.

**A.    Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Under this standard, the court construes the claim in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The court need not accept as true legal conclusions, "formulaic recitation[s] of the legal elements of a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 678.

In a patent case, "[a] plaintiff is not required to plead infringement on an element-by-element basis."  *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (quoting *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed.

Cir. 2018) (finding that a plaintiff need not plead every element but must only give the

alleged infringer fair notice of infringement).  "Instead, it is enough 'that a complaint

place the alleged infringer on notice of what activity is being accused of infringement.'"

*Bot M8*, 4 F.4th at 1352 (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372,

1379 (Fed. Cir. 2017) (internal quotation marks and edits omitted)).  To assert a plausible

claim, however, the plaintiff "must do more than merely allege entitlement to relief; it

must support the grounds for that entitlement with sufficient factual content."  *Id.* (citing

*Iqbal*, 556 U.S. at 678).  "Accordingly, a plaintiff cannot assert a plausible claim for

infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and

merely concluding that the accused product has those elements."  *Id.* at 1353.  Instead,

"[t]here must be some factual allegations that, when taken as true, articulate why it is

plausible that the accused product infringes the patent claim."  *Id.* at 1353.

     Review is generally limited to the contents of the complaint.  *Sprewell*, 266 F.3d at

988.  Courts may, however, "consider certain materials—documents attached to the

complaint, documents incorporated by reference in the complaint, or matters of judicial

notice—without converting the motion to dismiss into a motion for summary judgment."

*United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003).  Accordingly, the court

considers the '244 Patent, which is both appended to the amended complaint and

appropriate for judicial notice.  (*See* Am. Compl., Ex. A.)

**B.    Motion to Dismiss**

     Barnhart urges the court to dismiss Mr. Schuyleman's amended complaint because

it fails to state a plausible claim for relief.  (*See generally* Mot.)  Specifically, it contends

that (1) Mr. Schuyleman's claim for direct infringement fails because it relies on conclusory allegations, omits key claim limitations, and recites theories of infringement that are inconsistent and implausible (*id.* at 4-17) and (2) Mr. Schuyleman's claim for indirect infringement fails because the factual allegations are conclusory, "regurgitate the deficient allegations for direct infringement," and "provide no facts sufficient to address any elements for a claim of induced infringement" (*id.* at 17-20).

The court agrees that Mr. Schuyleman's amended complaint relies only on conclusory allegations and therefore fails to state a plausible claim for relief.[3]  First, in pleading his claim for direct infringement, Mr. Schuyleman simply recites the elements of independent Claim 1 of the '244 Patent, states that each of the Products incorporates the elements, and refers to the loosely-labeled figures and claim chart in Exhibit D to the amended complaint.  (Am. Compl. ¶¶ 26-34; *see id.*, Ex. D.)  As the Federal Circuit has made clear, it is not enough for Mr. Schuyleman to simply recite the claim elements and conclude that the accused Products have those elements.  *Bot M8*, 4 F.4th at 1353.  Rather, the amended complaint must include factual allegations that "articulate why it is plausible that the accused product infringes the patent claim."  *Id.*  The court concludes that Mr. Schuyleman's direct infringement claim does not meet this standard and must be dismissed.

Second, the court also concludes that Mr. Schuyleman has not plausibly alleged a claim for induced infringement.  (*See* Am. Compl. ¶¶ 35-39.)  A defendant is liable for

---

[3] Because the court grants Barnhart's motion to dismiss on this ground, it does not address Barnhart's remaining arguments in favor of dismissal.

1    induced infringement if it "took certain affirmative acts to bring about the commission by

2    others of acts of infringement and had 'knowledge that the induced acts constitute patent

3    infringement.'" *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020) (quoting

4    *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)).  Notably,

5    "where there has been no direct infringement, there can be no inducement of

6    infringement under section 271(b)."  *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572

7    U.S. 915, 922 (2014).  Thus, because Mr. Schuyleman has failed to state a claim for

8    direct infringement, his induced infringement claim must also fall.  *Id.*

9         In an attempt to save his amended complaint from dismissal, Mr. Schuyleman

10   provides in his opposition brief "a discussion of the principles behind the '244 Patent;"

11   supplies five figures that, he asserts, illustrate those principles; and describes how those

12   principles correspond to the claim limitations of the '244 Patent.  (Resp. at 6-10.)  Mr.

13   Schuyleman also includes and discusses annotated images that are more detailed and

14   complete than those he attached to his amended complaint "to show how [Barnhart's]

15   products] infringe[] the '244 Patent."  (*See id.* at 20-23 (comparing Exhibits C-E of the

16   response to Figure 3 of the response); *compare* Am. Compl., Ex. D (annotated images of

17   Barnhart's products attached to the amended complaint), *with* Resp., Exs. C-E (annotated

18   images of Barnhart's products attached to Mr. Schuyleman's response.)  Mr.

19   Schuyleman, may not, however, amend his pleading via his responsive brief.  *See Riser v.*

20   *Cent. Portfolio Control Inc.*, No. C21-5238LK, 2022 WL 2209648, at *4 n.1 (W.D.

21   Wash. June 21, 2022); *see also Frenzel v. AliphCom*, 76 F. Supp. 3d 999, 1009 (N.D. Cal.

22   2014) ("It is axiomatic that the complaint may not be amended by the briefs in opposition

1   to a motion to dismiss.").  The court concludes that Mr. Schuyleman's failure to allege

2   sufficient factual matter in his amended complaint that, accepted as true, would state

3   plausible claims for direct and induced patent infringement is fatal to his claims.  *Iqbal*,

4   556 U.S. at 678.  As a result, the court GRANTS Barnhart's motion to dismiss.

5   **C.      Leave to Amend**

6          Barnhart argues that Mr. Schuyleman should be denied leave to further amend his

7   complaint.  (Mot. at 20-21.)  On a Rule 12(b)(6) motion, "a district court should grant

8   leave to amend even if no request to amend the pleading was made, unless it determines

9   that the pleading could not possibly be cured by the allegation of other facts."  *Cook,*

10  *Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990); *see also*

11  *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004) (stating that a court has

12  discretion to deny leave to amend on the basis of "bad faith, undue delay, prejudice to the

13  opposing party, futility of amendment, and whether the plaintiff has previously amended

14  the complaint").  Although Mr. Schuyleman has already amended his complaint once, the

15  court is not convinced that further amendment would be futile and sees no grounds for a

16  finding of bad faith, undue delay, or prejudice.  Accordingly, the court GRANTS Mr.

17  Schuyleman leave to file a second amended complaint.

18                          **IV.      CONCLUSION**

19         For the foregoing reasons, the court GRANTS Barnhart's motion to dismiss (Dkt.

20  # 22) and GRANTS Mr. Schuyleman leave to file a second amended complaint.  Mr.

21  Schuyleman shall file his second amended complaint by no later than **September 5,**

22

**2023**.  Failure to timely file a second amended complaint will result in dismissal of this matter with prejudice.

Dated this 23rd day of August, 2023.

JAMES L. ROBART
United States District Judge

ORDER - 10