UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAY SCHUYLEMAN, <br><br> Plaintiff, <br><br> v. <br><br> BARNHART CRANE AND RIGGING CO., et al., <br><br> Defendants. | CASE NO. C23-0562JLR <br><br> ORDER |

## I.   INTRODUCTION

Before the court is Defendants Barnhart Crane and Rigging Co. and Barnhart Crane and Rigging, LLC's (together, "Barnhart") motion to dismiss Plaintiff Jay Schuyleman's second amended complaint. (Mot. (Dkt. # 32); Reply (Dkt. # 37); *see* SAC (Dkt. # 31).) Mr. Schuyleman opposes the motion. (Resp. (Dkt. # 35).) The court has considered the motion, the submissions of the parties, the relevant portions of the

ORDER - 1

1  record, and the governing law.  Being fully advised,[1] the court GRANTS in part and
2  DENIES in part Barnhart's motion to dismiss.

## II.  BACKGROUND

This action arises from Barnhart's alleged infringement of Mr. Schuyleman's patent covering a "novel device related to a hoisting apparatus . . . for use with a crane in positioning an object at a desired distance inside an opening of a building." (SAC ¶ 16.) Below, the court summarizes the factual and procedural background relevant to Barnhart's motion to dismiss.

**A.     Factual Background**

Mr. Schuyleman is a former ironworker who worked on constructing large commercial and governmental buildings. (*Id.* ¶ 14.) He states that he "personally observed the difficulties and dangers of inserting large materials—such as glass or walls—through openings of high-rise buildings by using hanging platforms or fixed beams, which could cause drifting loads." (*Id.*) In 2008, he "came up with the idea of using a movable boom for hoisting heavy loads" and "combin[ed] the movable boom with offsetting counterweights" to enable a crane to "raise loads to the desired height with ease." (*Id.* (attaching photos of Mr. Schuyleman's "Flying Forklift").)

On November 27, 2012, the U.S. Patent and Trademark Office awarded Mr. Schuyleman U.S. Patent No. 8,317,244 (the "'244 Patent"), entitled "Apparatus and

---

[1] Neither party has requested oral argument (*see* Mot. at 1; Resp. at 1) and the court finds that oral argument would not be helpful to its resolution of the motion, *see* Local Rules W.D. Wash. LCR 7(b)(4).

Method for Positioning an Object in a Building." (*Id.* ¶ 17; *id.*, Ex. 1 ("'244 Patent").) Mr. Schuyleman "is the exclusive owner of all rights, title, and interest in the '244 Patent." (*Id.* ¶ 19.) The patent is "directed to . . . an improvement for an apparatus used to lift a load during, for example, construction of a building." (*Id.* ¶ 18 (citing '244 Patent at 2:13-14).) It consists of one independent claim and 16 dependent claims. (*See generally* '244 Patent.) Claim 1 of the '244 Patent covers:

> 1. An improvement for an offset hoisting apparatus having at least a top side, a bottom side, a front side, and a rear side, the offset hoisting apparatus for use with a crane apparatus to lift a load, the improvement comprising:
>
> a rigid boom having a distal end and a proximal end, the distal end including a hook means for supporting the load;
>
> a front mount having a front boom aperture adapted for confining the boom to slidable movement therethrough, the front mount fixed with the offset hoisting apparatus, the distal end cantilevered from the front mount to extend the load through an opening in a wall; and
>
> a rear mount having a rear boom aperture adapted for confining the boom to slidable movement therethrough, the rear mount fixed with the offset hoisting apparatus;
>
> whereby the boom may be selectively slid between a retracted and an extended position, or therebetween, and the load may then be secured to the hook means at the distal end of the boom, the crane apparatus then able to lift the load.

('244 Patent at 6:5-23.)

Barnhart has equipment rental locations in this District, including in Kent and Mount Vernon, Washington, and operates the website www.barnhartcrane.com, which includes information and videos regarding its products. (SAC ¶ 10.) Mr. Schuyleman alleges that Barnhart is infringing the '244 Patent by

> making, using, selling, offering to sell, and importing into the U.S., certain equipment with a moveable boom, including the Moveable Counterweight

ORDER - 3

Cantilever System ("MOCCS") (e.g., Standard Movable Counterweight Cantilever System and Movable Counterweight Double Beam), Mini-MOCCS, and Mega-MOCCS [together, the "Accused Products"], through at least its website at https://www.barnhartcrane.com/locations/ and offices located throughout the United States.

(*Id.* ¶ 6.) Mr. Schuyleman alleges that the Accused Products "have a slidable boom that can slide between a retracted position and an extended position, confined by a front mount and a rear mount fixed with an offset hoisting apparatus" and includes screenshots from videos on Barnhart's website showing each Accused Product's slidable boom in its retracted and extended position. (*Id.* ¶¶ 23-25.) He also alleges that "[t]he extendable and retractable boom in the Accused Products allow [*sic*] for extension of the load through an opening in a wall" and includes a screenshot from a video on Barnhart's website showing an example of the boom in action. (*Id.* ¶ 26.) Mr. Schuyleman has attached to the complaint a claim chart for each Accused Product. (*Id.* ¶ 35, Ex. 2 (Movable Counterweight Double Beam claim chart); *id.*, Ex. 3 (Mini-MOCCS claim chart); *id.*, Ex. 4 (Mega-MOCCS claim chart) (together, the "SAC Claim Charts").) Each claim chart lists the elements of Claim 1 of the '244 Patent, describes how Mr. Schuyleman alleges the Accused Product practices each element, and includes screenshots from and links to videos on Barnhart's website that display the relevant features of the Accused Product. (*See generally* SAC Claim Charts.)

On December 9, 2022, Mr. Schuyleman sent Barnhart a letter notifying it of its infringement of the '244 Patent. (SAC ¶ 29.) On December 19, 2022, Barnhart confirmed it had received the letter "with allegations of patent infringement," and stated that it would investigate the allegations and "respond as soon as possible." (*Id.* ¶ 31.)

Barnhart, however, failed to respond further to Mr. Schuyleman's letter. (*Id.*) Mr. Schuyleman alleges that Barnhart has since continued to infringe the '244 Patent. (*Id.* ¶ 32.)

**B.     Procedural Background**

Mr. Schuyleman filed his original complaint in this action on April 11, 2023. (*See* Compl. (Dkt. # 1).) On May 24, 2023, Barnhart moved to dismiss the original complaint for failure to state a claim. (1st MTD (Dkt. # 16).) On June 10, 2023, however, Mr. Schuyleman filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Am. Compl. (Dkt. # 20).) The court then denied Barnhart's first motion to dismiss as moot. (6/12/23 Order (Dkt. # 21).)

On June 26, 2023, Barnhart moved to dismiss Mr. Schuyleman's amended complaint. (2d MTD (Dkt. # 22).) On August 23, 2023, the court granted Barnhart's motion and dismissed Mr. Schuyleman's claims for direct infringement of the '244 Patent in violation of 35 U.S.C. § 271(a) (Am. Compl. ¶¶ 26-34) and induced infringement of the '244 Patent in violation of 35 U.S.C. § 271(b) (*id.* ¶¶ 35-39) with leave to amend. (8/23/23 Order (Dkt. # 30) at 9-10.) The court concluded that Mr. Schuyleman's amended complaint "relie[d] only on conclusory allegations and therefore fail[ed] to state a plausible claim for relief." (*Id.* at 7 (citing Am. Compl. ¶¶ 26-34; *id.*, Ex. D).) Relying on *Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the court held that it was "not enough for Mr. Schuyleman to simply recite the claim elements and conclude that the accused Products have those elements." (8/23/23 Order at 7.) Rather, Mr. Schuyleman "must include factual allegations that 'articulate why it is plausible that


Barnhart, however, failed to respond further to Mr. Schuyleman's letter. (*Id.*) Mr. Schuyleman alleges that Barnhart has since continued to infringe the '244 Patent. (*Id.* ¶ 32.)

**B.     Procedural Background**

Mr. Schuyleman filed his original complaint in this action on April 11, 2023. (*See* Compl. (Dkt. # 1).) On May 24, 2023, Barnhart moved to dismiss the original complaint for failure to state a claim. (1st MTD (Dkt. # 16).) On June 10, 2023, however, Mr. Schuyleman filed an amended complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (Am. Compl. (Dkt. # 20).) The court then denied Barnhart's first motion to dismiss as moot. (6/12/23 Order (Dkt. # 21).)

On June 26, 2023, Barnhart moved to dismiss Mr. Schuyleman's amended complaint. (2d MTD (Dkt. # 22).) On August 23, 2023, the court granted Barnhart's motion and dismissed Mr. Schuyleman's claims for direct infringement of the '244 Patent in violation of 35 U.S.C. § 271(a) (Am. Compl. ¶¶ 26-34) and induced infringement of the '244 Patent in violation of 35 U.S.C. § 271(b) (*id.* ¶¶ 35-39) with leave to amend. (8/23/23 Order (Dkt. # 30) at 9-10.) The court concluded that Mr. Schuyleman's amended complaint "relie[d] only on conclusory allegations and therefore fail[ed] to state a plausible claim for relief." (*Id.* at 7 (citing Am. Compl. ¶¶ 26-34; *id.*, Ex. D).) Relying on *Bot M8 LLC v. Sony Corp. of America*, 4 F.4th 1342, 1352 (Fed. Cir. 2021), the court held that it was "not enough for Mr. Schuyleman to simply recite the claim elements and conclude that the accused Products have those elements." (8/23/23 Order at 7.) Rather, Mr. Schuyleman "must include factual allegations that 'articulate why it is plausible that

the accused product infringes the patent claim.'" (*Id.* (quoting *Bot M8*, 4 F.4th at 1353).) Because Mr. Schuyleman failed to do so, the court dismissed the direct infringement claim and, by extension, the induced infringement claim. (*Id.* at 7-8.)

Mr. Schuyleman timely filed his second amended complaint on September 5, 2023. (SAC.) He renewed his claims against Barnhart for direct infringement and induced infringement of the '244 Patent and added a new claim for contributory infringement. (*Id.* ¶¶ 33-44.) Barnhart filed its third motion to dismiss on September 19, 2023. (Mot.) Mr. Schuyleman filed a timely response, and Barnhart filed a timely reply. (*See* Resp.; Reply; 10/2/23 Order (Dkt. # 34) (granting Mr. Schuyleman's motion for a two-week extension of time to file his response).) The motion is now ripe for decision.

### III.   ANALYSIS

The court sets forth the relevant standard of review before turning to Barnhart's motion to dismiss Mr. Schuyleman's second amended complaint.

**A.   Standard of Review**

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under this standard, the court construes the claim in the light most favorable to the nonmoving party, *Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005), and asks whether the claim contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court need not accept as true legal conclusions, "formulaic recitation[s] of the elements of

a cause of action," *Chavez v. United States*, 683 F.3d 1102, 1008 (9th Cir. 2012) (quoting *Twombly*, 550 U.S. at 555), or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences," *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Review is generally limited to the contents of the complaint. *Sprewell*, 266 F.3d at 988. Courts may, however, "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Accordingly, the court considers the '244 Patent and Mr. Schuyleman's claim charts, which are attached to the second amended complaint and incorporated by reference therein. (*See* SAC, Exs. 1-4.) The court also considers the videos from Barnhart's website about the Accused Products. (*See* SAC ¶¶ 23-28 (including links to videos on Barnhart's website); SAC Claim Charts (same).)

**B.     Motion to Dismiss**

Barnhart asserts that the court must dismiss Mr. Schuyleman's second amended complaint in full because it fails to state a plausible claim for relief. (*See generally* Mot.) The court considers each of Mr. Schuyleman's claims below.

1.   Direct Infringement

A defendant is liable for direct infringement if it, without authorization, "makes, uses, offers to sell, or sells any patented invention" in the United States or imports a patented invention into the United States.  35 U.S.C. § 271(a).  "A plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8*, 4 F.4th at 1352 (citing *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018)).  "Instead, it is enough 'that a complaint place the alleged infringer on notice of what activity is being accused of infringement.'" *Id.* (quoting *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017) (internal quotation marks and edits omitted)); *see also Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) (holding that the allegations in the complaint need only give the defendant "fair notice of infringement").  To assert a plausible claim, however, the plaintiff "must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content." *Bot M8*, 4 F.4th at 1352 (citing *Iqbal*, 556 U.S. at 678).  "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353.  "Accordingly, a plaintiff cannot assert a plausible claim for infringement under the *Iqbal/Twombly* standard by reciting the claim elements and merely concluding that the accused product has those elements." *Id.*  Instead, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

ORDER - 8

1    Barnhart contends that Mr. Schuyleman's direct infringement claim fails because
2    it is based on conclusory allegations, depends on "implausible" or "inconsistent" theories
3    of claim construction, and omits several claim elements. (Mot. at 5-19.) The court
4    disagrees, and denies Barnhart's motion to dismiss the direct infringement claim.

5    In his second amended complaint, Mr. Schuyleman alleges that Barnhart has

> infringed and continue[s] to infringe one or more of the claims of the '244 [P]atent under 35 U.S.C. § 271(a), either literally or under the doctrine of equivalents, by making, using, selling, offering for sale, and/or importing into the United States products encompassed by those claims, including (as non-limiting examples) the MOCCs, Mega-MOCCS, and Mini-MOCCS.

9    (SAC ¶ 35.) He further alleges, citing the SAC Claim Charts, that Barnhart infringes
10   Claim 1 of the '244 Patent because each of the Accused Products incorporates each of the
11   elements of that claim. (*Id.* ¶ 36 (alleging that the Accused Products include the elements
12   of Claim 1 and listing those elements); *see also* SAC Claim Charts (showing how each
13   Accused Product allegedly incorporates each element of Claim 1).)

14   These allegations satisfy the pleading standard for direct infringement. In *Disc*
15   *Disease Solutions, Inc. v. VGH Solutions, Inc.*, the Federal Circuit held that the plaintiff's
16   allegations met the *Iqbal/Twombly* pleading standard where (1) the matter involved a
17   "simple technology," (2) the asserted patents were attached to the complaint and
18   consisted of just four independent claims; (3) the complaint specifically identified the
19   three accused products by name and by attaching photos of the product packaging, and
20   (4) the complaint alleged that the accused products met "each and every element of at
21   least one claim of the . . . Patent, either literally or equivalently." 888 F.3d at 1260; *see*
22   *also NovaPlast Corp. v. Inplant, LLC*, No. 20-7396 (KM) (JBC), 2021 WL 5770264, at

ORDER - 9

*6 (D.N.J. Dec. 6, 2021) (denying motion to dismiss where plaintiff amended its complaint to include photographs of the accused products, "indications on the respective photographs where each claim limitation is met," and claim charts with photos and annotations). Here, Mr. Schuyleman's second amended complaint (1) involves a relatively simple technology; (2) the '244 Patent is attached to the complaint and consists of one independent claim and 16 dependent claims; (3) the complaint specifically identifies the Accused Products by name, by attaching screenshots taken from Barnhart's own videos, and by linking to the videos on Barnhart's website; and (4) the complaint alleges that the Accused Products practice each element of Claim 1 of the '244 Patent either literally or equivalently. (*See generally* SAC; '244 Patent.) In addition, Mr. Schuyleman's claim charts specifically identify the Accused Products and include photos and annotations mapping the elements of the Claim 1 to features of the Accused Products. (*See generally* SAC Claim Charts.) The court concludes that Mr. Schuyleman's second amended complaint meets or exceeds the pleading standards that the Federal Circuit found sufficient in *Disc Disease Solutions* and is therefore sufficient to provide Barnhart "fair notice of infringement" of the '244 Patent. *Disc Disease Sols.*, 888 F.3d at 1260.

Barnhart's arguments to the contrary are not persuasive. First, Barnhart contends that the court should dismiss the complaint because Mr. Schuyleman failed to "pointedly identify several claim elements in the appended claim charts." (*See* Mot. at 10-13.) The Federal Circuit has made clear, however, that "[a] plaintiff is not required to plead infringement on an element-by-element basis." *Bot M8*, 4 F.4th at 1352; *see also Disc*

*Disease Sols.*, 888 F.3d at 1260 (concluding it was enough that the plaintiff "alleged that the accused products meet 'each and every element of at least one claim of the [patents], either literally or equivalently'"); *In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1343 (Fed. Cir. 2012) ("[T]here is no requirement that the facts alleged mimic the precise language used in a claim[.]"). Thus, even if Mr. Schuyleman omitted certain claim limitations from his claim charts, that omission is not fatal to his claims at this stage of the proceedings.

Second, the court rejects Barnhart's assertion Mr. Schuyleman's claim must be dismissed because it alleges "implausible constructions of the claim limitations 'front mount' and 'rear mount.'" (Mot. at 13-18.) As Barnhart acknowledges, "claim construction is generally not proper for a Rule 12(b)(6) motion." (*Id.* at 13; *see* Reply at 7); *see also In re Bill of Lading*, 681 F.3d at 1343 n.13 (noting that "claim construction at the pleading stage—with no claim construction processes undertaken—was inappropriate" and that the Federal Circuit "afford[s] the claims their broadest possible construction at this stage of the proceedings"). Nevertheless, Barnhart contends that under *Ottah v. Fiat Chrysler*, the court "may dismiss a complaint prior to claim construction when the complaint rests on an implausible claim construction." (Mot. at 13-14 (citing *Ottah*, 884 F.3d 1135, 1141-42 (Fed. Cir. 2018)).) In *Ottah*, however, the "implausible construction" was obvious: the accused product was a camera holder, while the plaintiff's patent was "explicitly limited to books." *Ottah*, 884 F.3d at 1141. Barnhart cites no case in which a court properly dismissed a complaint based on the type of detailed claim construction analysis that Barnhart asks the court to perform here. (*See*

*generally* Mot.; Reply.)  Mindful of its duty to take the allegations in the complaint as true when deciding a motion to dismiss, *see Iqbal*, 556 U.S. at 678, the court declines Barnhart's invitation to construe the terms of Claim 1 at this stage of the proceedings.

Finally, the court disagrees with Barnhart that the complaint must be dismissed because it alleges facts inconsistent with direct infringement.  (*See* Mot. at 18-19.)  Viewing the complaint in the light most favorable to Mr. Schuyleman, the court cannot conclude that the claim language and features are "sufficiently incongruous as to make the complaint implausible on its face."  *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (citing *Mosaic Brands, Inc. v. Ridge Wallet LLC*, No. 2:20-cv-04556, 2020 WL 5640233, at *4-5 (C.D. Cal. Sept. 3, 2020)).  The court denies Barnhart's motion to dismiss Mr. Schuyleman's direct infringement claim.

    2. <u>Induced Infringement</u>

To prevail on an induced infringement claim under 35 U.S.C. § 271(b), a plaintiff must establish that there has been direct infringement of its patent and show that the defendant "took certain affirmative acts to bring about the commission by others of acts of infringement and had 'knowledge that the induced acts constitute patent infringement.'"  *TecSec, Inc. v. Adobe Inc.*, 978 F.3d 1278, 1286 (Fed. Cir. 2020) (quoting *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 765-66 (2011)).  "[W]illful blindness can satisfy the knowledge requirement for active inducement . . . even in the absence of actual knowledge."  *Warsaw Orthopedic, Inc. v. NuVasive, Inc.*, 824 F.3d 1344, 1347 (Fed. Cir. 2016) (citing *Global-Tech*, 563 U.S. at 769).  "Evidence

of active steps taken to encourage direct infringement such as advertising an infringing use or instructing how to engage in an infringing use show an affirmative intent that the product be used to infringe." *GlaxoSmithKline LLC v. Teva Pharms. USA, Inc.*, 7 F.4th 1320, 1333 (Fed. Cir. 2021) (quoting *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 936 (2005)).

Barnhart argues that the court must dismiss Mr. Schuyleman's induced infringement claim because the complaint "provides no facts sufficient to plausibly demonstrate Barnhart's intent to encourage infringement by third parties." (Mot. at 21-24 (internal edits omitted).) Again, the court disagrees with Barnhart. First, Mr. Schuyleman has plausibly alleged that Barnhart's Accused Products directly infringe the '244 Patent. (*See supra* Section III.B.1.) Second, Mr. Schuyleman satisfies the knowledge requirement by alleging that Barnhart was on notice of—and thus was either aware of or willfully blind to—the Accused Products' infringement of the '244 Patent as early as December 9, 2022, when Mr. Schuyleman sent his letter to Barnhart. (SAC ¶¶ 29-30; *see also id.* ¶ 31 (alleging that Barnhart responded to the letter on December 19, 2022).) Third, Mr. Schuyleman satisfies the affirmative intent element by alleging that Barnhart's website "provides information and videos regarding the operation and usage of the Accused Products" and by providing direct links to those videos. (*Id.* ¶¶ 21, 27 (first quoting http://www.barnhartcrane.com/videos/148/ (video on Barnhart's website describing features and benefits of the MOCCS); and then quoting http://www.barnhartcrane.com/videos/mini-moccs-animation/ (video describing features and benefits of the Mini-MOCCS)), 28 (quoting

http://www.barnhartcrane.com/videos/132/ (video describing features and benefits of the Mega-MOCCS)).)  These videos "advertis[e] an infringing use" of the Accused Products and thus support the inference that Barnhart "took active steps to encourage direct infringement" and had "an affirmative intent that the product[s] be used to infringe." *GlaxoSmithKline*, 7 F.4th at 1333 (quoting *Metro-Goldwyn-Mayer Studios*, 545 U.S. at 936).

Barnhart asserts, citing *CyWee Group Ltd. v. HTC Corp.*, 312 F. Supp. 3d 974, 979 (W.D. Wash. 2018), that Mr. Schuyleman's allegations regarding Barnhart's website and marketing videos are insufficient to satisfy the specific intent requirement. (Mot. at 22-23; Reply at 9-10.)  In that case, however, the plaintiff "offer[ed] no specific details about those promotional and instructional materials" and thus left the court "without any inkling as to what [the defendant] asserted in those materials." *CyWee Grp.*, 312 F. Supp. 3d at 980.  In contrast, Mr. Schuyleman includes screenshots of, quotes from, and links to Barnhart's website and videos in his complaint. (*See, e.g.*, SAC ¶¶ 22-28.)  As a result, the court can "discern whether [Barnhart] 'touted the benefits of the accused products in ways that track the asserted patents'" in its videos and can reasonably infer that Barnhart had an affirmative intent to induce infringement. *CyWee Grp.*, 312 F. Supp. 3d at 980 (quoting *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1195-96 (D. Or. 2015)).  Because Mr. Schuyleman has plausibly alleged that Barnhart induced infringement of the '244 Patent, the court denies Barnhart's motion to dismiss this claim.

//

//

ORDER - 14

### 3. Contributory Infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading*, 681 F.3d at 1337 (quoting 35 U.S.C. § 271(c)).

Barnhart argues that this claim must be dismissed because Mr. Schuyleman has failed to plead facts supporting the elements of the claim. (Mot. at 25-26.) The court agrees with Barnhart that Mr. Schuyleman has failed to plead facts supporting the materiality, non-infringing use, and knowledge elements of a contributory infringement claim. Mr. Schuyleman alleges in Paragraph 40 of his second amended complaint that Barnhart has contributed to infringement by third parties

> by making, selling and/or offering for sale in the United States, and/or importing into the United States, the Accused Products, knowing that those products constitute a material part of the inventions of the '244 Patent, knowing that those products are especially made or adapted to infringe the '244 Patent, and knowing that those products are not staple articles of commerce suitable for non-infringing use.

(SAC ¶ 40.) In his response to Barnhart's motion, Mr. Schuyleman asserts that Paragraphs 23 through 25 "plausibly pled . . . that the Accused Products may be used by Defendants' customers as part of a system that includes a hoisting apparatus such as a crane . . . [and] that the Accused Products constitute a material part of practicing the '244 Patent." (Resp. at 19.) These paragraphs, however, state only that the Accused Products "have a slidable boom that can slide between a retracted position and an extended

position, confined by a front mount and a rear mount fixed with an offset hoisting apparatus" and show pictures of the boom in both positions. (SAC ¶¶ 23-25.) They say nothing about materiality. He also asserts that Paragraphs 29 through 31 and 42, which describe the December 2022 correspondence between Mr. Schuyleman and Barnhart, plausibly allege that Barnhart "knew the Accused Products were made to be part of the infringing system." (Resp. at 19 (citing SAC ¶¶ 29-31, 42).) Although the correspondence supports the inference that Barnhart was on notice that its products infringed the '244 Patent by December 2022 (*see supra* Section III.B.1), nothing in the cited paragraphs suggests that Barnhart knew the Accused Products "to be especially made or especially adapted for use in an infringement of such patent." *In re Bill of Lading*, 681 F.3d at 1337. Finally, Mr. Schuyleman points only to the conclusory statement in Paragraph 40 to support his argument that he "plausibly pled" that "the Accused Products have no substantial non-infringing use." (Resp. at 19 (citing SAC ¶ 40).) Because Mr. Schuyleman has not pleaded "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face,'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570), the court grants Barnhart's motion to dismiss Mr. Schuyleman's contributory infringement claim.

    4. <u>Leave to Amend</u>

  Mr. Schuyleman argues in depth that the court should grant him leave to amend any claims that the court dismisses. (Resp. at 20-25.) On a Rule 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation

of other facts." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 247 (9th Cir. 1990). A court, however, has discretion to deny leave to amend on the basis of "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004). Although Mr. Schuyleman has already amended his complaint twice, this order is the court's first opportunity to consider his contributory infringement claim and the court is not convinced that amendment of that claim would be futile. Furthermore, the court sees no grounds at this time for a finding of bad faith, undue delay, or prejudice. Accordingly, the court grants Mr. Schuyleman leave to amend his contributory infringement claim.

## IV.  CONCLUSION

For the foregoing reasons, the court GRANTS in part and DENIES in part Barnhart's motion to dismiss Mr. Schuyleman's second amended complaint (Dkt. # 32). The court GRANTS Barnhart's motion to dismiss Mr. Schuyleman's contributory infringement claim and DISMISSES that claim without prejudice and with leave to amend. Mr. Schuyleman shall file his amended complaint, if any, by no later than **December 18, 2023**.

Dated this 8th day of December, 2023.

JAMES L. ROBART
United States District Judge