The Honorable James L. Robart
U.S. District Court Judge

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| **JAY SCHUYLEMAN**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**BARNHART CRANE AND RIGGING CO.**,<br>a State of Delaware Corporation<br><br>**BARNHART CRANE AND RIGGING, LLC**,<br>a State of Delaware Limited Liability<br>Company,<br><br>Defendants. | Civil Action No. 2:23-CV-00562-JLR<br><br>**AGREEMENT REGARDING<br>ELECTRONICALLY STORED<br>INFORMATION AND [**~~PROPOSED~~**]<br>ORDER**<br><br>**JURY TRIAL DEMANDED** |

## AGREEMENT REGARDING ELECTRONICALLY STORED INFORMATION AND [~~PROPOSED~~] ORDER

Plaintiff Jay Schuyleman ("**Plaintiff**" or "**Schuyleman**") Defendants Barnhart Crane and Rigging Co. and Barnhart Crane and Rigging, LLC (together, "**Barnhart**" or "**Defendant**") (collectively, the "**parties**"), hereby stipulate to the following provisions regarding the discovery of electronically stored information ("**ESI**") in this matter:

**A. General Principles**

1.  An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

**DESMARAIS LLP**
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900

contributes to the risk of sanctions.

2. As provided in LCR 26(f), the proportionality standard set forth in Fed. R. Civ. P. 26(b)(1) must be applied in each case when formulating a discovery plan. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as possible. This agreement is intended to assist the parties in identifying relevant, responsive information that has been stored electronically and is proportional to the needs of the case. The agreement does not supplant the parties' obligations to comply with Fed. R. Civ. P. 34.

**B. ESI Disclosures**

Within 30 days of entry of this Order, or at a later time if agreed to by the parties, each party shall disclose the following information.

Custodians. The ten (10) custodians most likely to have discoverable ESI in their possession, custody, or control. If a party has ESI data for fewer than ten (10) custodians, the party must list all custodians. The custodians shall be identified by name, title, connection to the instant litigation, and the type of the information under the custodian's control.

1. Non-Custodial Data Sources. A list of non-custodial data sources (*e.g.*, shared drives, servers), if any, likely to contain discoverable ESI.

2. Third-Party Data Sources. A list of third-party data sources, if any, likely to contain discoverable ESI (*e.g.*, third-party email providers, mobile device providers, cloud storage) and, for each such source, the extent to which a party is (or is not) able to preserve information stored in the third-party data source.

3. Inaccessible Data. A list of data sources, if any, likely to contain discoverable ESI (by type, date, custodian, electronic system or other criteria sufficient to specifically identify the data source)

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

2

**DESMARAIS LLP**
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900

that a party asserts is not reasonably accessible under Fed. R. Civ. P. 26(b)(2)(B).

**C. ESI Discovery Procedures**

1. <u>On-site inspection of electronic media</u>. Such an inspection shall not be required absent a demonstration by the requesting party of specific need and good cause or by agreement of the parties.

2. <u>Search methodology</u>. The parties shall timely confer to attempt to reach agreement on appropriate search terms and queries, file type and date restrictions, data sources (including custodians), and other appropriate computer- or technology-aided methodologies, for discovery. The parties shall continue to cooperate in revising the appropriateness of the search methodology if another party, upon good cause, shows that the producing party's methodology was inadequate.

    a. Prior to running searches:

        i. No later than 14 days following the entry of this Order, the parties shall exchange the data sources (including custodians), search terms and queries, any file type and date restrictions, and any other methodology that it proposes to use to locate ESI likely to contain responsive and discoverable information. The producing party may provide unique hit counts for each search query.

        ii. No later than 21 days following the entry of this Order, the parties will engage in a meet-and-confer process regarding additional terms sought by the non-producing party.

    b. The following provisions apply to search terms / queries of the requesting party. Focused terms and queries should be employed; broad terms or queries, such as product and company names, generally should be avoided. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as

AGREEMENT REGARDING ESI  
CASE NO.: 2-23-CV-00562-JLR  

3  

**DESMARAIS LLP**  
101 California Street, Suite 3070  
San Francisco, CA 94111  
T: 415-573-1900

a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. The producing party may identify each search term or query returning overbroad results demonstrating the overbroad results and a counter proposal correcting the overbroad search or query.

c. The producing party shall produce documents responsive to the terms agreed upon by the parties no later than the later of 30 days after the parties have met and conferred or the deadline for an applicable discovery request. Thereafter, the parties shall continue to confer in good faith to reach agreement about any remaining terms of those initially proposed as part of the process set forth in paragraph C.2.a. The producing party shall produce documents responsive to any newly agreed upon terms no later than 30 days after the parties have reached agreement on those terms.

3. <u>Format</u>.

a. ESI will be produced to the requesting party with searchable text and/or with extracted text files and with appropriate software load files when possible, in a format to be decided between the parties. Acceptable formats include, but are not limited to, native files, multi-page TIFFs (with a companion OCR or extracted text file), single-page TIFFs (only with load files for e-discovery software that includes metadata fields identifying natural document breaks and also includes companion OCR and/or extracted text files), and searchable PDF.

b. Unless otherwise agreed to by the parties, files that are not easily converted to image format, such as spreadsheet, database, and drawing files, may be produced in native format.

c. Each document image file shall be named with a unique number (Bates Number).

d. If a document is more than one page, the unitization of the document and any

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

4

DESMARAIS LLP
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900

attachments and/or affixed notes shall be maintained as they existed in the original document.

  e.  The full text of each electronic document shall be extracted ("Extracted Text") and produced in a text file when possible. The Extracted Text file shall be named with the unique Bates Number corresponding to the produced document.

4. <u>De-Duplication</u>. The parties may de-duplicate their ESI production across custodial and non-custodial data sources after disclosure to the requesting party, and the duplicate custodian information removed during the de-duplication process tracked in a duplicate/other custodian field in the database load file.

5. <u>Email Threading</u>. The parties may use analytics technology to identify email threads and need only produce the unique most inclusive copy and related family members and may exclude lesser inclusive copies. Upon reasonable request, the producing party will produce a less inclusive copy.

6. <u>Metadata Fields</u>. If the requesting party seeks metadata, the parties agree that only the following metadata fields need be produced, and only to the extent it is reasonably accessible and non-privileged: document type; custodian and duplicate custodians (or storage location if no custodian); author/from; recipient/to, cc and bcc; title/subject; email subject; file name; file size; file extension; original file path; date and time created, sent, modified and/or received; and hash value. The list of metadata type is intended to be flexible and may be changed by agreement of the parties, particularly in light of advances and changes in technology, vendor, and business practices.

7. <u>Hard-Copy Documents</u>. If the parties elect to produce hard-copy documents in an electronic format, the production of hard-copy documents will include a cross-reference file that indicates document breaks and sets forth the custodian or custodian/location associated with each produced document. Hard-copy documents will be scanned using Optical Character Recognition technology

AGREEMENT REGARDING ESI  
CASE NO.: 2-23-CV-00562-JLR

5

**DESMARAIS LLP**  
101 California Street, Suite 3070  
San Francisco, CA 94111  
T: 415-573-1900

and searchable ASCII text files will be produced (or Unicode text format if the text is in a foreign language), unless the producing party can show that the cost would outweigh the usefulness of scanning (for example, when the condition of the paper is not conducive to scanning and will not result in accurate or reasonably useable/searchable ESI). Each file will be named with a unique Bates Number (*e.g.*, the unique Bates Number of the first page of the corresponding production version of the document followed by its file extension).

8. <u>Non-party Subpoenas</u>.  A party that issues a non-party subpoena ("Issuing Party") shall inform the non-party that the parties to the litigation have requested that non-parties produce documents in accordance with the specifications set forth in this Section C and provide the non-party with those specifications.  The Issuing Party shall produce to the opposing party, as soon as reasonably practicable, copies of any documents obtained pursuant to a non-party subpoena.  If the non-party production is not Bates-stamped, the Issuing Party will endorse the non-party production with unique prefixes and Bates numbers prior to producing it to the opposing party.

**D.  Preservation of ESI**

The parties acknowledge that they have a common law obligation, as expressed in Fed. R. Civ. P. 37(e), to take reasonable and proportional steps to preserve discoverable information in the party's possession, custody, or control. With respect to preservation of ESI, the parties agree as follows:

1. Absent a showing of good cause by the requesting party, the parties shall not be required to modify the procedures used by them in the ordinary course of business to back-up and archive data; provided, however, that the parties shall preserve all discoverable ESI in their possession, custody, or control.

2. The parties will supplement their disclosures in accordance with Fed. R. Civ. P. 26(e) with

AGREEMENT REGARDING ESI  
CASE NO.: 2-23-CV-00562-JLR

6

**DESMARAIS LLP**  
101 California Street, Suite 3070  
San Francisco, CA 94111  
T: 415-573-1900

discoverable ESI responsive to a particular discovery request or mandatory disclosure where that data is created after a disclosure or response is made (unless excluded under Sections (D)(3) or (E)(1)-(2)).

3. Absent a showing of good cause by the requesting party, the following categories of ESI need not be preserved:

    a. Deleted, slack, fragmented, or other technologically inaccessible data.

    b. Random access memory (RAM), temporary files, or other ephemeral data that are difficult to preserve without disabling the operating system.

    c. On-line access data such as temporary internet files, history, cache, cookies, and the like.

    d. Data in metadata fields that are frequently updated automatically, such as last-opened dates (see also Section (E)(5)).

    e. Back-up data that are duplicative of data that are more accessible elsewhere.

    f. Server, system, or network logs.

    g. Data remaining from systems no longer in use that is unintelligible on the systems in use.

    h. Electronic data (e.g., email, calendars, contact data, and notes) sent to or from mobile devices (e.g., iPhone, iPad, Android devices), provided that a copy of all such electronic data is automatically saved in real time elsewhere (such as on a server, laptop, desktop computer, or "cloud" storage).

**E. Privilege**

1. A producing party shall create a privilege log of all documents fully withheld from production on the basis of a privilege or protection, unless otherwise agreed or excepted by this

AGREEMENT REGARDING ESI  
CASE NO.: 2-23-CV-00562-JLR  
7  
**DESMARAIS LLP**  
101 California Street, Suite 3070  
San Francisco, CA 94111  
T: 415-573-1900

Agreement and Order. Privilege logs shall include a unique identification number for each document and the basis for the claim (attorney-client privileged or work-product protection). For ESI, the privilege log may be generated using available metadata, including author/recipient or to/from/cc/bcc names; the subject matter or title; and date created. Should the available metadata provide insufficient information for the purpose of evaluating the privilege claim asserted, the producing party shall include such additional information as required by the Federal Rules of Civil Procedure. Privilege logs will be produced to all other parties no later than 30 days before the deadline for filing motions related to discovery unless an earlier deadline is agreed to by the parties.

2. Redactions need not be logged so long as the basis for the redaction is clear on the redacted document.

3. With respect to privileged or work-product information generated after the filing of the complaint, parties are not required to include any such information in privilege logs.

4. Activities undertaken in compliance with the duty to preserve information are protected from disclosure and discovery under Fed. R. Civ. P. 26(b)(3)(A) and (B).

5. Pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d). The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

8

DESMARAIS LLP
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900

1  information before production. Information produced in discovery that is protected as privileged or
2  work product shall be immediately returned to the producing party.

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

9

**DESMARAIS LLP**
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900

**ORDER**

Based on the foregoing, IT IS SO ORDERED.

DATED: February 22, 2024

_____

The Honorable James L. Robart
U.S. District Court Judge

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

10

**DESMARAIS LLP**
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900

1  Dated: February 22, 2024

2  DESMARIAS LLP

3  /s/  Betty H. Chen
   Tom Hendrickson (WSBA #41832)
4  Seattle Patent Group LLC
   4020 148th Ave. NE, Ste D
5  Redmond, WA 98052
   T: 425-202-7969
6  tom@seattlepatentgroup.com

7  Betty H. Chen (WSBA #57993)
   Kurt Fredrickson (*pro hac vice*)
8  Desmarais LLP
   101 California Street
9  San Francisco, CA 94111
   T: 415-573-1900
10 F: 415-573-1901
   bchen@desmaraisllp.com
11 kfredrickson@desmaraisllp.com

12 Peter Y. Zhu (*pro hac vice*)
   Desmarais LLP
13 1899 Pennsylvania Ave, NW Suite 400
   Washington, D.C. 20006
14 T: 202-451-4900
   F: 202-451-4901
15 pzhu@desmaraisllp.com

16 *Attorneys for Plaintiff Jay Schuyleman*

BAKER, DONELSON, BEARMAN, CALDWELL & BERKOWITZ, PC

/s/ Scott M. Douglass
Emily Billig
*Admitted Pro Hac Vice*
100 Light Street, 19th Floor
Baltimore, MD 21202
410-862-1089
ebillig@bakerdonelson.com

Scott M. Douglass
*Admitted Pro Hac Vice*
First Horizon Building
165 Madison Avenue, Suite 2000
Memphis, TN 38103
615-924-0514
sdouglass@bakerdonelson.com

KLINEDINST PC
Gregor A. Hensrude, WSBA #45918
1200 Fifth Avenue, Suite 1750
Seattle, Washington 98101
206-672-4400
ghensrude@klinedinstlaw.com

*Attorneys for Defendants
Barnhart Crane and Rigging Co. and
Barnhart Crane and Rigging, LLC*

17
18
19
20
21
22
23
24
25
26
27
28

AGREEMENT REGARDING ESI
CASE NO.: 2-23-CV-00562-JLR

11

**DESMARAIS LLP**
101 California Street, Suite 3070
San Francisco, CA 94111
T: 415-573-1900