UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAY SCHUYLEMAN,<br><br>                Plaintiff,<br><br>    v.<br><br>BARNHART CRANE AND RIGGING CO., et al.,<br><br>                Defendants. | CASE NO. C23-0562JLR<br><br>SHOW CAUSE ORDER |

Before the court are the parties' experts' dueling definitions of "person of ordinary skill in the art" ("POSITA"). (Perkin Decl. (Dkt. # 61-4) ¶ 41; Klopp Decl. (Dkt. # 61-9) ¶ 18.) The claim construction analysis "requires attention to the level of skill assigned to a person of ordinary skill in the art." *AllVoice Computing PLC v. Nuance Commc'ns, Inc.*, 504 F.3d 1236, 1240 (Fed. Cir. 2007); *see also Cocona, Inc. v. VF Outdoor, LLC*, No. 16-cv-02703-CMA-MLC, 2024 WL 4124720, at *3 (D. Colo. Sept. 6, 2024) ("The POSITA must be defined before claims can be construed because claim[] construction

ORDER - 1

turns on a POSITA's perspective."). The parties do not substantively discuss their experts' definitions of a POSITA in their claim construction briefing. (*See generally* Pl. Opening Br. (Dkt. # 62); Defs. Opening Br. (Dkt. # 63); Pl. Resp. Br. (Dkt. # 64); Defs. Resp. Br. (Dkt. # 65).) Because the parties' experts' POSITA definitions are not far apart, and in the interest of efficiency, the court ORDERS the parties to show cause by no later than Friday, **September 27, 2024 at 12:00 p.m.** as to why the court should not adopt the following definition of a POSITA:

> In this case, a "person of ordinary skill in the art"—also known as a "POSITA"—is someone with a Bachelor's degree in mechanical engineering, structural engineering, applied physics, or a related field with at least four years of engineering experience analyzing, designing, or developing construction equipment for rigging or crane-related devices.

Any party that disagrees with the court's proposed definition must file a brief in response to this order that explains why the court should adopt its expert's POSITA definition and discusses all relevant factors to be considered in determining the level of ordinary skill in the art in this case. *See Env't Designs, Inc. v. Union Oil Co.*, 713 F.3d 693, 696 (Fed. Cir. 1983) (listing factors but noting that "[n]ot all such factors may be present in every case, and one or more of these or other factors may predominate in a particular case").

Dated this 24th day of September, 2024.

_____
JAMES L. ROBART
United States District Judge